UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CERTAIN UNDERWRITERS AT ) <br> LLOYD'S, LONDON, ) <br>          Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> ELIJAH J. FISHELSON, individually and ) <br> as trustee of C.C.R. REALTY TRUST, ) <br> STEPHEN FISHELSON, ) <br> AMERICAN CITY HOMES, LLC, and ) <br> STEPHANIE SULLIVAN ) <br>          Defendants. ) | DOCKET NUMBER |

**COMPLAINT FOR DECLARATORY RELIEF AND CLAIM FOR JURY TRIAL**

**NATURE OF ACTION**

1. This Complaint is a request for judgment declaring that an insurance policy that Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 ("Underwriters") issued to *C.C.R. Realty Trust; Elijah J. Fishelson & Joseph A. Gordon, Trustees of the Max and Rebecca Fishelson Trust; Elijah J. Fishelson; Joseph A. Gordon* does <u>not</u> require Underwriters to continue to defend, or to indemnify, CCR Realty Trust ("CCR") and/or its trustees, including Elijah Fishelson, and/or its agents or employees, including Stephen Fishelson, relative to the counterclaims brought in the case of <u>Elijah Fishelman, Co-Trustee of CC&R Realty Trust v. American City Homes, LLC and Stephanie Sullivan, et al.</u>, Boston Municipal Court, Central Division, Docket No. 2014 CV 0653 (generally, the "Underlying Action"; specifically, "the Counterclaim").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 USC § 1332 in that it arises between citizens of different states / countries and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Venue is proper in this district under 28 USC § 1391(a)(2) and (b)(2) as this action concerns an insurance policy issued to CCR, a Massachusetts realty trust owning property located in Boston, Massachusetts.

## PARTIES

4. Underwriters are those individuals subscribing to a policy of insurance, Number XSZ32067, a commercial general liability policy, effective November 1, 2013 to November 1, 2014.

5. Elijah Fishelson is an individual residing at 18 Ballast Lane, Marblehead, Massachusetts.

6. Elijah Fishelson is also a co-trustee of CCR, a Massachusetts realty trust owning property located in Boston, Massachusetts, with a business address of Kline & Gordon, 233 Needham Street, #460, Newton, Massachusetts.

7. Stephen Fishelson is an individual residing at 109 Mount Vernon Street, Unit 6, Boston, Massachusetts.

## OTHER INTERESTED DEFENDANT PARTIES

8. Stephanie Sullivan ("Sullivan") is an individual who resides at 1 Walton Road, Seabrook, New Hampshire, who, at relevant times, is understood to have been the manager of American City Homes, LLC.

9. American City Homes, LLC ("American") is believed and understood to be a Massachusetts limited liability company with a place of business at 338 Commercial Street, Boston, Massachusetts.

## BACKGROUND

10. At all times herein, Underwriters issued a commercial insurance policy, Certificate No. XSZ32067, to *C.C.R. Realty Trust; Elijah J. Fishelson & Joseph A. Gordon, Trustees of the Max and Rebecca Fishelson Trust; Elijah J. Fishelson; Joseph A. Gordon* with a policy period running from November 1, 2013 to November 1, 2014 ("the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A."

11. The Policy provides certain commercial general liability insurance relative to certain properties, including 63A Charles Street, Boston, Massachusetts ("the premises").

12. CCR entered into a commercial lease for space at the premises with City Homes Associates, Ltd. ("City Homes").

13. That space, in turn, was the subject or a sub-lease between City Homes and American.

14. Under article 2 of its lease with City Homes, CCR reserved the right to access the premises at reasonable times, after providing reasonable advance notice, in order to maintain and alter the premises subject to certain conditions and limitations, "without unreasonable interference with Lessee's use of the Premises."

15. The lease, article 28 b., also includes a covenant of quiet enjoyment providing:

*Quiet Enjoyment*

*Lessor agrees that, upon Lessee's paying the fixed rent, . . . and performing and observing the covenants, conditions, and agreements to be performed and observed by Lessee hereunder, Lessee shall and may peaceably hold and enjoy the premises during the term of this lease, without interruption or disturbance from Lessor or persons claiming through or under Lessor, subject, however, to the terms of this lease.*

16. The sub-lease references, incorporates and provides that it is subordinate to the "Master Lease" between CCR and City Homes.

17. Dispute(s) arose between these parties relating to an agreement to terminate these lease obligations and alleged breach(es) of a "Termination of Lease Agreement" dated January 30, 2014.

## THE UNDERLYING ACTION

18. As a result of these disputes, Elijah Fishelson, as co-trustee of CCR, filed the Underlying Action, a civil action in Boston Municipal Court, Central Division, Docket Number 2014 CV 0653, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of M.G.L. c. 93A. A true copy of the Complaint in the Underlying Action is attached hereto as "B."

19. In the Underlying Action, American and Sullivan have asserted counterclaims against Elijah Fishelson, individually and as trustee of CCR, and against Stephen Fishelson, individually and "in his official capacity for CC&R Realty Trust." A true and accurate copy of the Answer to Plaintiff's Complaint and Counterclaim in the Underlying Action is attached hereto as Exhibit "C."

20. The counterclaims against Elijah Fishelson and Stephen Fishelson stem from allegations that the counterclaim defendants engaged in "bizarre, loud, disruptive, threatening . . . rude" behavior during "unannounced and unwanted visits and stays to the premises" throughout the course of American's tenancy. In the case of Elijah Fishelson, the allegations also include sexual harassment. In the case of Stephen Fishelson, the allegations include after-hours trespassing and littering.

21. The Counterclaim includes counts for Breach of the Covenant of Quiet Enjoyment, Breach of the Covenant of Good Faith and Fair Dealing, Trespassing, Intentional Infliction of Emotional Distress, Tortious Interference with a Contractual Relationship, and Violation of MGL Chapter 93A.

22. The Counterclaim alleges that Elijah Fishelson was constantly present and harassing Sullivan and other employees of American, "causing clients and customers of American to flee" the

premises; Stephen Fishelson's "behavior and actions" are also alleged to have caused employees and customers to "flee."

23. Stephen Fishelson is alleged to have trespassed by entering the premises "while it was in the control of American," after hours and also having been warned by American not to do so.

24. Elijah Fishelson is alleged to have intentionally inflicted emotional distress and harm to Sullivan by his "untoward and unwanted" behavior and antics.

25. The counterclaim defendants are also alleged to have "willfully and wantonly" interfered with the contractual relationship between City Homes and American, and to have acted unfairly and deceptively.

26. The counterclaim plaintiffs seek damages for loss of revenue and "damages to business."

27. Underwriters are providing a defense to Elijah Fishelson and Stephen Fishelson in the Underlying Action under a reservation of rights.

## POLICY LANGUAGE

28. The following relevant provisions appear in the Policy's *Commercial General Liability Coverage Form* (CG 00 01 12 07):

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

*Various provisions in this Policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.*

*Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.*

*The word "insured" means any person or entity identified as such under Section II – Who is an Insured.*

*Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.*

*SECTION I – COVERAGES*
*COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY*
1. *Insuring Agreement*
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . .

   b. This insurance applies to "bodily injury" and "property damage" only if:
   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory":
   (2) The "bodily injury" or "property damage" occurs during the policy period; . . .

*COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY*

1. *Insuring Agreement*

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result . . .

   . . .

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

29. The Policy defines the terms applicable to Coverage A and Coverage B in Section V:

*SECTION V – DEFINITIONS*
. . .
**3.** "**Bodily injury**" *means bodily injury, sickness or disease sustained by a person, including death results from any of these at any time.*
. . .
**13.** "**Occurrence**" *means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

**14.** "**Personal and advertising injury**" *means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

> . . .
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> . . .
> **17. "Property Damage"** means:
>    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such
>       loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>    **b.** Loss of use of tangible property that is not physically injured. All such
>       loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

30. The Policy includes an exclusion to Coverage A for "Expected or Intended Injury" that provides:

> **2. EXCLUSIONS**
> *This insurance does not apply to:*
> . . .
> **a. Expected Or Intended Injury**
>    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.
>    This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

31. The Policy includes exclusions to Coverage B for "Knowing Violation of Rights of Another" and "Breach of Contract" that provide:

> **2. EXCLUSIONS**
>
> *This insurance does not apply to:*
>
> **a. Knowing Violation of Rights of Another**
> "Personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
>
> . . .
>
> **f. Breach of Contract**
> "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

32. Under Section II, the Policy restricts "Who is an Insured," in relevant part, to:

***SECTION II – WHO IS AN INSURED***

*1. If you are designated in the Declarations as:*
*a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.*

. . .

*e. A trust, you are an insured. Your trustees are also insureds but only with respect to their duties as trustees.*

. . .

*2. Each of the following is also an insured:*

[as replaced by a provision in the CGL Blanket Endorsement, CNL-E102(01-08)]

> *a. Your "employees" . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .*
>
> *b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.*
>
> . . .
>
> \* \* \*

*No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.*

. . .

33. The Policy also includes an **Assault and/or Battery Exclusion** endorsement (form CNL-E101(10-11)) that provides in pertinent part:

*This insurance does not apply to any claim and/or cause of action arising from:*

*1. An assault and/or battery regardless of culpability or intent; or*
. . .
*3. Any act or failure to act to prevent or suppress such assault and/or battery or physical altercation.*

*The above applies whether caused by an insured, an employee, a patron, or any other person; and whether or not the acts occurred at the premises owned, leased, rented or occupied by the insured.*

*This exclusion also applies to any:*

. . .
*2. Liability or damages for emotional distress, or for loss of society, services, consortium and/or income reimbursement for expenses . . . or*

. . .
*5. Liability or damages arising from allegations of failure to provide proper security or safe premises to any person injured in an assault and/or battery or physical altercation.*

*We are under no duty to defend an insured in any "suit" alleging in words or substance an assault and/or battery or physical altercation of any nature whatsoever.*

  34. The Policy also includes a **Sexual Abuse and/or Molestation Exclusion Endorsement** (form CNL-E109(01-08)) providing:

*This insurance does not apply to:*
*"Bodily injury", "property damage", or "personal and advertising injury" arising out of:*
*a. The actual or threatened abuse or molestation or licentious, immoral or sexual behaviour whether or not intended to lead to, or culminate in any sexual act, of any person, whether caused by, or at the direction of, or omission by, any insured, his employees, or any other person; or*

. . .
*Abuse includes, but is not limited to, negligent or intentional infliction of physical, emotional or psychological injury.*

  35. The Policy also includes a **Fines, Penalties, Punitive or Exemplary Damages Exclusion Endorsement** (form CNL-E108 (01-08)) providing:

***Fines, Penalties, Punitive or Exemplary Damages Exclusion Endorsement***

*The following exclusion is added to the Polcy:*

*This insurance does not apply to:*
*Fines, penalties and punitive or exemplary damages. If a claim or suit is brought against an insured for a claim within the coverage provided under this policy, seeking fines, penalties, compensatory and punitive or exemplary damages, then we shall afford a defense for such action. We shall not, however, have an obligation to pay for any costs, interest or damages attributable to fines, penalties, and punitive or exemplary damages.*

*If state law provides for statutory multiple damage awards, we will pay only the amount of the award before the multiplier is applied.*

## COUNT I – DECLARATION THAT ELIJAH FISHELSON IS NOT AN INSURED UNDER THE POLICY

36. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 35 as if fully stated herein.

37. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are required to defend or indemnify Elijah Fishelson for the claims asserted in the Counterclaim.

38. Elijah Fishelson is named as a counterclaim defendant in his capacity as trustee of CCR and in his individual capacity.

39. Relative to trusts, the Policy provides that *Your trustees are also insureds but only with respect to their duties as trustees.*

40. Elijah Fishelson does not qualify as an insured trustee relative to the Counterclaim as the allegations / conduct complained of relate to actions that are beyond the scope of his duties as a co-trustee.

41. The Policy was not issued to Elijah Fishelson as an individual; even if it had been, the Policy provides that that if the insured is *designated in the Declarations as. . . An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.*

42. Elijah Fishelson does not qualify as an insured "individually" as the allegations against him do not relate to any "business of which [he is] the sole owner" and involve conduct outside the scope of any employment / duties for CCR.

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to provide Elijah Fishelson with a defense to any claim asserted in the Counterclaim because of applicable and controlling language and/or exclusions contained in the Policy.

b.  That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to defend or indemnify Elijah Fishelson for any claims asserted against him in the Counterclaim because, under the circumstance, Elijah Fishelson does not qualify as an insured under the Policy.

c.  That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

## COUNT II – DECLARATION THAT STEPHEN FISHELSON IS NOT AN INSURED UNDER THE POLICY

43.  The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 42 as if fully stated herein.

44.  An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are required to defend or indemnify Stephen Fishelson for the claims asserted in the Counterclaim.

45.  Stephen Fishelson is named as a counterclaim defendant "in his official capacity for CC&R Realty Trust and in his individual capacity."

46.  Relative to trusts, *"employees" are deemed insureds, but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.* A person acting as real estate manager also qualifies as an insured.

47.  Stephen Fishelson does not qualify as an insured relative to the Counterclaim as the allegations / conduct complained of relate to actions that are beyond the scope of his duties as an employee or real estate manager of CCR.

48.     The Policy was not issued to Stephen Fishelson as an individual; even if it had been, the Policy provides that that if the insured is *designated in the Declarations as. . . An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.*

49.     Stephen Fishelson does not qualify as an insured "individually" as the allegations against him do not relate to any "business of which [he is] the sole owner" and involve conduct outside the scope of any employment / duties for CCR.

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a.     That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to provide Stephen Fishelson with a defense to any claim asserted in the Counterclaim because of applicable and controlling language and/or exclusions contained in the Policy.

b.     That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to defend or indemnify Stephen Fishelson for any claims asserted against him in the Counterclaim because, under the circumstance, Stephen Fishelson does not qualify as an insured under the Policy.

c.     That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

**COUNT III – DECLARATION REGARDING UNDERWRITERS' DUTY TO DEFEND AND INDEMNIFY ELIJAH FISHELSON UNDER "COVERAGE A"**

50.     The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 49 as if fully stated herein.

51.     An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are required to defend or indemnify Elijah Fishelson for the claims asserted in the Counterclaim.

52. Underwriters have no obligation or duty to defend Elijah Fishelson against any and all claims alleged in the Counterclaim and have no duty to indemnify Elijah Fishelson for any injuries or damages claimed in the Counterclaim, or any person or entity who may gain a judgment against him in connection with the claims asserted in the Underlying Action under "Coverage A – Bodily Injury and Property Damage Liability" because the "damages" and/or claims alleged in the Counterclaim do not involve "bodily injury" or "property damage," do not arise out of an "occurrence," and/or are excluded from coverage by the "Expected or Intended Injury" exclusion.

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to provide Elijah Fishelson with a defense to any claim asserted in the Counterclaim because of applicable and controlling language and/or exclusions contained in "Coverage A" of the Policy.

b. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to indemnify Elijah Fishelson for any claim asserted against him in the Underlying Action because of applicable and controlling language and/or exclusions contained in "Coverage A" of the Policy.

c. That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

**COUNT IV – DECLARATION REGARDING UNDERWRITERS' DUTY TO DEFEND AND INDEMNIFY STEPHEN FISHELSON UNDER "COVERAGE A"**

53. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 52 as if fully stated herein.

54. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are required to defend or indemnify Stephen Fishelson for the claims asserted in the Counterclaim.

55. Underwriters have no obligation or duty to defend Stephen Fishelson against any and all claims alleged in the Counterclaim and have no duty to indemnify Stephen Fishelson for any injuries or damages claimed in the Counterclaim, or any person or entity who may gain a judgment against him in connection with the claims asserted in the Underlying Action under "Coverage A – Bodily Injury and Property Damage Liability" because the "damages" and/or claims alleged in the Counterclaim do not involve "bodily injury" or "property damage," do not arise out of an "occurrence," and/or are excluded from coverage by the "Expected or Intended Injury" exclusion.

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to provide Stephen Fishelson with a defense to any claim asserted in the Counterclaim because of applicable and controlling language and/or exclusions contained in "Coverage A" of the Policy.

b. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to indemnify Stephen Fishelson for any claim asserted against him in the Underlying Action because of applicable and controlling language and/or exclusions contained in "Coverage A" of the Policy.

c. That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

**COUNT V – DECLARATION REGARDING UNDERWRITERS' DUTY TO DEFEND AND INDEMNIFY ELIJAH FISHELSON UNDER "COVERAGE B"**

56. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 55 as if fully stated herein.

57. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are required to defend or indemnify Elijah Fishelson for the claims asserted in the Counterclaim.

58. Underwriters have no obligation or duty to defend Elijah Fishelson against any and all claims alleged in the Counterclaim and have no duty to indemnify Elijah Fishelson for any injuries or damages claimed in the Counterclaim, or any person or entity who may gain a judgment against him in connection with the claims alleged in the Underlying Action under "Coverage B. – Personal and Advertising Injury Liability" because the conduct and/or claims alleged in the Underlying Action do not arise out of an offense included within those limited offenses set forth in the Policy's definition of "Personal and Advertising Injury," and/or because the conduct and/or claims are specifically excluded from coverage by the "Knowing Violation of Rights of Another" and/or "Breach of Contract" exclusions.

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to provide Elijah Fishelson with a defense to any claim asserted in the Counterclaim because of applicable and controlling language and/or exclusions contained in "Coverage B" of the Policy.

b. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to indemnify Elijah Fishelson for any claim asserted against him in the Underlying Action because of applicable and controlling language and/or exclusions contained in "Coverage B" of the Policy.

c.      That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

### COUNT VI – DECLARATION REGARDING UNDERWRITERS' DUTY TO DEFEND AND INDEMNIFY STEPHEN FISHELSON UNDER "COVERAGE B"

59.     The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 58 as if fully stated herein.

60.     An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are required to defend or indemnify Stephen Fishelson for the claims asserted in the Counterclaim.

61.     Underwriters have no obligation or duty to defend Stephen Fishelson against any and all claims alleged in the Counterclaim and have no duty to indemnify Stephen Fishelson for any injuries or damages claimed in the Counterclaim, or any person or entity who may gain a judgment against him in connection with the claims alleged in the Underlying Action under "Coverage B. – Personal and Advertising Injury Liability" because the conduct and/or claims alleged in the Underlying Action do not arise out of an offense included within those limited offenses set forth in the Policy's definition of "Personal and Advertising Injury," and/or because the conduct and/or claims are specifically excluded from coverage by the "Knowing Violation of Rights of Another" and/or "Breach of Contract" exclusions.

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a.      That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to provide Stephen Fishelson with a defense to any claim asserted in the Counterclaim because of applicable and controlling language and/or exclusions contained in "Coverage B" of the Policy.

b.      That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to indemnify Stephen Fishelson for any claim asserted against him in the

Underlying Action because of applicable and controlling language and/or exclusions contained in "Coverage B" of the Policy.

c. That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

### COUNT VII –DECLARATION THAT CLAIMS ARE BARRED BY THE "ASSAULT & BATTERY EXCLUSION ENDORSEMENT"

62. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 61 as if fully stated herein.

63. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are required to defend or indemnify Elijah Fishelson and/or Stephen Fishelson for the claims asserted in the Counterclaim.

64. The Policy excludes from both Coverage A and Coverage B any claim or cause of action arising from an assault and/or battery, including allegations relating to emotional distress and supervision, whether or not caused by an insured, employee or other person, and whether or not occurring on the insured premises.

65. The Counterclaim is based upon allegations of threatening, abusive, and frightening behavior that is considered an "assault" under Massachusetts tort law.

66. Coverage for some or all of the claims is excluded by the Policy's "**Assault & Battery Exclusion Endorsement.**"

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to provide Elijah Fishelson and/or Stephen Fishelson with a defense to any

claim asserted in the Counterclaim because of applicable and controlling language and/or exclusions contained in the Policy.

b. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to indemnify Elijah Fishelson and/or Stephen Fishelson for some or all of the claims asserted against them in the Underlying Action because of the Policy's "Assault & Battery Exclusion Endorsement."

c. That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

### COUNT VIII –DECLARATION THAT CLAIMS AGAINST ELIJAH FISHELSON ARE BARRED BY THE "SEXUAL ABUSE &/OR MOLESTATION EXCLUSION ENDORSEMENT"

67. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 66 as if fully stated herein.

68. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are required to defend or indemnify Elijah Fishelson for the claims asserted in the Counterclaim.

69. The Policy excludes from both Coverage A and Coverage B any *"Bodily injury", "property damage", or "personal and advertising injury" arising out of . . . [t]he actual or threatened abuse or molestation or licentious, immoral or sexual behaviour whether or not intended to lead to, or culminate in any sexual act, of any person, whether caused by, or at the direction of, or omission by, any insured, his employees, or any other person.*

70. The Counterclaim alleges that Elijah Fishelson's actions toward Sullivan "were in a manner that were indecent and sexually harassing."

71. Coverage for some or all of the claims against Elijah Fishelson is excluded by the Policy's **Sexual Abuse &/or Molestation Exclusion Endorsement.**

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

a. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to provide Elijah Fishelson with a defense to any claim asserted in the Counterclaim because of applicable and controlling language and/or exclusions contained in the Policy.

b. That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to indemnify Elijah Fishelson for some or all of the claims asserted against him in the Underlying Action because of the Policy's Sexual Abuse &/or Molestation Exclusion Endorsement.

c. That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

## COUNT IX – DECLARATION THAT CLAIMS FOR PUNITIVE DAMAGES ARE BARRED BY THE "FINES, PENALTIES, PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION ENDORSEMENT"

72. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 71 as if fully stated herein.

73. An actual controversy within the jurisdiction of this Court exists between the parties as to whether or not Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are required to defend or indemnify Elijah Fishelson and/or Stephen Fishelson for the claims asserted in the Counterclaim.

74. The Policy excludes coverage for *any costs, interest or damages attributable to fines, penalties, and punitive or exemplary damages* and/or any award for multiple damages.

75. The Counterclaim includes a claim for punitive / multiple damages.

76. Coverage for any punitive / multiple damages that may be awarded is excluded by the Policy's **Fines, Penalties, Punitive or Exemplary Damages Exclusion Endorsement.**

WHEREFORE, the plaintiffs, Underwriters, request a judgment declaring as follows:

      a.      That under the Policy, Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 are not required to indemnify for any award or judgment for punitive damages in the Underlying Action because of the Policy's Fines, Penalties, Punitive or Exemplary Damages Exclusion Endorsement.

      b.      That Certain Underwriters at Lloyd's, London subscribing to Policy XSZ32067 be awarded all other relief allowed by law or equity which the Court deems appropriate and just.

**THE PLAINTIFFS CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Certain Underwriters at Lloyd's, London,
By Their Attorney:

Dated: July 7, 2014

/s/ Thomas B. Farrey, III
**THOMAS B. FARREY, III**
Burns & Farrey, P.C.
446 Main Street
Worcester, MA 01608
Tel.:   508.756.6288
BBO:   159880
EMail: farrey@burnsandfarrey.com

JPM/
(32)